**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON**

**DARIUS LAJUAN KINCANNON,**

**Movant,**

**v.** **Case No. 3:15-cv-02639**
**Case No. 3:13-cr-00056**

**UNITED STATES OF AMERICA,**

**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 56, Motion to Vacate, Set Aside or Correct Sentence). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On June 4, 2013, Movant Darius LaJuan Kincannon (hereinafter "Defendant"), was charged in a single-count indictment with one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). Throughout his district court proceedings, Defendant was represented by retained counsel, Kevin Edward Milner.[1]

[1] Mr. Milner, an attorney who practices in Crown Point, Indiana, appeared *pro hac vice*, as a visiting attorney, with W. Michael Frazier serving as local counsel. (ECF No. 32).

On September 30, 2013, Defendant, by counsel, filed a Motion to Suppress (ECF No. 18), in which he sought the suppression of the contents of his backpack that was seized and searched when a K-9 alerted on the backpack following Defendant's arrival in Huntington on a Greyhound bus. Upon obtaining a search warrant, the backpack was opened and a vacuumed bag containing 510.6 grams of heroin was discovered, along with two bottles of Superior Inosital and Quinine, products commonly used to "cut" heroin.

On October 7, 2013, the district court held a hearing on Defendant's Motion to Suppress, at which evidence was taken. (ECF Nos. 20, 22). Following additional briefing, the district court denied the Motion to Suppress on October 28, 2013. (ECF No. 27).

On November 18, 2013, Defendant executed a written plea agreement in which he agreed to plead guilty to the charge in the indictment, which exposed him to a statutory sentencing range of not less than five nor more than 40 years in prison. (ECF No. 35). As part of the agreement, the Government agreed not to file an information pursuant to 21 U.S.C. § 851, which would have increased Defendant's minimum and maximum statutory sentencing range. (*Id.* at 1, ¶ 2).

As noted by Respondent, the written plea agreement contained an express waiver by Defendant of his right to appellate review of his conviction and his sentence, so long as the sentence did not exceed the maximum statutory penalty prescribed by law, and a waiver of post-conviction collateral attack, except for any claim based upon ineffective assistance of counsel. (*Id.* at 3-4, ¶ 7). The plea agreement also included the following acknowledgement:

> I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, and that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further

> acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(*Id.* at 12). The plea agreement also contained a stipulation of facts in which Defendant acknowledged that he possessed the drugs and paraphernalia in his backpack that were sufficient to support the charge in the indictment. (*Id.* at 3 (¶ 6) and 7-8, Ex. A). Defendant signed and initialed each page of the plea agreement, and initialed each page of the stipulation of facts as well. (*Id.* at 1-8).

On November 18, 2013, Defendant pled guilty, in accordance with the written plea agreement, to the charge in the indictment. (ECF Nos. 32-36). The district court conducted a thorough plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure, including receiving Defendant's own factual basis for his guilty plea, the government's proffer of evidence to support the essential elements of the crime set forth in the indictment (which included the testimony of the arresting officer),[2] and Defendant's acknowledgement of the rights he was waiving and his satisfaction with his attorney's representation. (ECF No. 68, Plea Hrg. Tr., *passim*).

The district court specifically discussed with Defendant the appellate and collateral attack waiver and also the effect of the guilty plea on Defendant's ability to further challenge the suppression issue. (*Id.* at 18-19, 22-23). Defendant acknowledged that he understood the effects of the waiver provision and the effect of his guilty plea with respect to the suppression issue. (*Id.*) Defendant also acknowledged that the stipulation of facts

---

[2] Defendant further acknowledged that the testimony of the arresting officer was substantially correct. (ECF No. 68 at 18).

could be used against him to support the guilty plea and at sentencing, and even at a trial. (*Id*. at 10).

On March 5, 2014, Defendant appeared for sentencing. The district court determined that Defendant's total offense level under the United States Sentencing Guidelines was 25, with a criminal history category of VI, yielding a guideline range of 110-137 months of imprisonment. Defendant was sentenced to 110 months of imprisonment, followed by a five-year term of supervised release. A Judgment to that effect was entered on March 5, 2014. (ECF No. 45, Judgment in a Criminal Case).

Defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit. However, on December 15, 2014, Defendant, by counsel, filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (which retroactively lowered the base offense levels for drug offenses as of November 1, 2014). On November 23, 2015, the district court granted Defendant's section 3582 motion and modified Defendant's sentence to 92 months of imprisonment. All other aspects of his Judgment remained in effect. (ECF Nos. 64, 67).

On March 6, 2015, Defendant filed the instant section 2255 motion (ECF No. 56), asserting the following grounds for relief [citations corrected]:

> **Ground One**: Ineffective assistance of counsel
>
> I was charged with 21 USC § 841([a]) and 841([b])(1)(B), possession with intent to distribute 100 grams or more of heroin. I pled guilty on November 6, 2013. Prior to my plea hearing, Attorney General Eric Holder gave a directive not to charge this type of case (low level without ties to cartels) with a mandatory minimum. This directive was given in August of 2013 and directed all prosecutors to immediately apply 841([b])(1)(C) instead of 841([b])(1)(B). In my case, this would have rendered a sentence of 0-20 years instead of 5-40 years. My counsel was ineffective for failing to argue for the new directive and application before advising me to plead guilty, leaving counsel as ineffective during the plea negotiation stage. See: Attorney General directive August 2013. Counsel's failure gave me a

> mandatory minimum when I shouldn't have had one and it doubled the maximum sentence I was facing. These are two significant factors and it's extremely probable that my sentence would have been lower if I still decided to take a plea, which I may not have taken since the time I was facing was cut in half.
>
> **Ground Two:** Ineffective assistance of counsel
>
> Counsel was ineffective for failing to appeal the Motion to Suppress ruling that involved the 4th Amendment violation, before advising the petitioner to plead guilty. Counsel should have appealed on the grounds that the officer did in fact conduct an investigatory stop and the interaction was not consensual. I did not "feel free to disregard the police and go about [my] business." I was surrounded by three armed officers who restricted my freedom of movement as well as confiscated my identification and personal belongings. Had my counsel appealed the court's ruling, it is highly probable that this case would have been dismissed based on a 4th Amendment violation.
>
> **Ground Three:** Ineffective assistance of counsel
>
> Post sentencing, counsel was ineffective for failing to file a direct appeal challenging the court's denial of his Motion to Suppress, which led to the fruits of the poisonous tree being applied to the sentence and conviction. Counsel failed to capitalize on a second opportunity he had to address the Fourth Amendment violation that occurred in this case. This failure prejudiced me because it denied me the benefit of arguing this issue to the 4th Circuit Court with the assistance of counsel.
>
> **Ground Four:** Ineffective assistance of counsel
>
> Counsel was ineffective for failing to request K-9 Agent Nero's past alert records/training methods to show if and when there are drugs, what type of signal (if any) he gives off. This would have shown inaccurate drug sniff testing at the time of the incident, proving that the K-9 never alerted police to any drugs. This would also have shown that the officer's testimony was false and he was not a credible witness. His failure was substantial and allowed the court to deny our motion because he didn't present sufficient evidence.

(ECF No. 56 at 4-9).

On January 21, 2016, Respondent (hereinafter "the Government') filed a Response to the section 2255 motion asserting that that defense counsel provided effective assistance at all pertinent stages of Defendant's criminal proceedings and there is no

merit to any of Defendant's grounds for relief. (ECF No. 69). Accordingly, the Government requests that Defendant's section 2255 motion be denied and this matter be dismissed. (*Id.*)

On March 4, 2016, Defendant filed a reply brief in which he disputes, for the first time, the validity of the appeal waiver and contends that his counsel was ineffective for recommending that Defendant accept a plea that required such a waiver. He further contends that his counsel failed to properly investigate and argue the suppression issue and that counsel should have appealed the denial of the suppression motion. (ECF No. 72). This matter is ripe for adjudication.

**ANALYSIS**

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it

deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). As noted by Respondent, "[t]he question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88. (ECF No. 113 at 6).

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.* at 697. Using this standard, the undersigned will address each claim of ineffective assistance of counsel asserted by Defendant.

**A. Failure to challenge mandatory minimum sentence.**

In Ground One of his motion, Defendant asserts that, although the quantity of drugs involved in his crime supported his being sentenced pursuant to 21 U.S.C. § 841(b)(1)(B), which carried a mandatory minimum sentence of five years, he should not have been so charged and sentenced because of a policy statement announced by then Attorney General Eric Holder discouraging the charging of crimes with mandatory minimums against "non-violent, low level drug offenders." Defendant further asserts that his counsel, Mr. Milner, was ineffective in failing to argue for the application of the policy statement with respect to Defendant's indictment and sentencing exposure.

As noted in the Government's Response, in August of 2013, then Attorney General Eric Holder issued a memorandum outlining internal Department of Justice (DOJ) policies concerning the charging of drug crimes carrying mandatory minimum sentences, and encouraging individualized assessments concerning such charges. (ECF No. 69 at 4

and Attach. 1). However, as further noted by the Government, internal DOJ policies do not create any personal constitutional rights for criminal defendants. *See United States v. Jackson*, 327 F.3d 273 (4th Cir. 2003). In *Jackson*, the United States Court of Appeals for the Fourth Circuit held as follows:

> That the Department of Justice has developed an internal protocol for exercising discretion and channeling prosecutorial resources does not provide license for courts to police compliance with that protocol, and it is well established that . . . internal prosecutorial protocols do not vest defendants with any personal rights.

327 F.3d at 295; *see also United States v. Musgrove*, 581 F.2d 406, 407 (4th Cir. 1978) ("[A] defendant has no right to have an otherwise valid conviction vacated because government attorneys fail to comply with departmental policy on dual prosecutions.") (ECF No. 69 at 5).

Thus, because Defendant was not vested with any rights resulting from the DOJ policy statement and, moreover, because there was sufficient evidence to support his being charged with an offense that carried a five-year mandatory minimum, Defendant cannot demonstrate that Mr. Milner's performance fell below an objective standard of reasonableness for failing to challenge Defendant's charge and subsequent mandatory minimum sentence.

Finally, to the extent that Defendant has argued that his sentence would have been shorter if he had not been charged with an offense that carried a mandatory minimum, he cannot show the requisite prejudice to establish ineffective assistance of counsel under *Strickland* because, as the Government correctly notes, his initial 110-month sentence already fell well within the 20-year statutory maximum for an offense qualifying under section 841(b)(1)(C), and he has not demonstrated that he would have been sentenced to less than five years.

For all of these reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to collateral relief on Ground One of his section 2255 motion.

**B. Ineffective assistance during plea negotiation and failure to appeal the denial of the suppression motion.**

In Ground Two of his section 2255 motion, Defendant contends that Mr. Milner provided ineffective assistance because he failed to appeal the denial of Defendant's Motion to Suppress before advising Defendant to plead guilty. (ECF No. 56 at 6). Additionally, Ground Three of Defendant's motion further suggests that Mr. Milner should have appealed the suppression issue post-sentencing, notwithstanding the waiver of direct appeal contained in his plea agreement, and the fact that a guilty plea waives all nonjurisdictional defects in the proceedings. (*Id.* at 7-8). Grounds Two and Three contend that Mr. Milner's actions denied Defendant a second opportunity to address, with the benefit of counsel, his allegations that the investigatory stop and search of his backpack violated his Fourth Amendment rights. (*Id.* at 6-8).

Additionally, Defendant's reply brief further asserts, for the first time, that Mr. Milner misinformed him that the denial of the motion to suppress could not be appealed before a guilty plea was entered and that Mr. Milner provided ineffective assistance by allowing Defendant to accept a plea that required him to waive any of his rights, particularly the right to appeal. (ECF No. 72 at 2). The reply further suggests that "[a] conditional plea would have better suited the petitioner at the stage of the case." (*Id.*)

Before addressing these specific contentions, the undersigned will address the seminal authority governing ineffective assistance of counsel during the plea stage, and authority concerning the effect of a guilty plea on a defendant's rights to challenge

evidence. In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court reiterated that the Sixth Amendment right to effective assistance of counsel applies during the plea negotiation stage of the criminal process. The Court confirmed that, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* at 163. Thus, a defendant who pled guilty must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Furthermore, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing).

As discussed in greater detail, *supra*, the plea colloquy herein demonstrates that Defendant was fully aware of the terms and conditions of the plea agreement and his guilty plea, and he acknowledged that he was knowingly and voluntarily entering into the same. Defendant further acknowledged that he was fully satisfied with the performance and assistance of his counsel, and he has not demonstrated, by clear and convincing evidence, that he should not be bound by those representations. Such representations include his specific acknowledgement that he understood the effect of his guilty plea and the appellate waiver contained in his written plea agreement on his ability to further challenge the denial of his motion to suppress. (ECF No. 68, *passim*)

As noted in the Government's Response, in *United States v. LeMaster*, 403 F.3d 216, 221 (4th Cir. 2005), the Fourth Circuit held that, absent extraordinary circumstances, a district court is not required to conduct an evidentiary hearing concerning a challenge

to a guilty plea, where the defendant's allegations contradict the defendant's sworn statements made during a proper Rule 11 colloquy. *Id.* Rather, the district court may find that such allegations are "palpably incredible" and "patently frivolous and false." *Id.*

In the instant matter, the undersigned first proposes that the presiding District Judge **FIND** that Defendant's guilty plea was knowing and voluntary and that his allegations of ineffective assistance of counsel during the plea stage of his proceedings are directly contradicted by his sworn statements during his plea colloquy, the truth of which are conclusively established.

Additionally, the Fourth Circuit adheres to the well-recognized principle that "[w]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004). Thus, as noted in the Government's brief, following a guilty plea, a defendant has "no non-jurisdictional grounds upon which to attack that judgment except the inadequacy of the plea or the government's power to bring any indictment at all." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010); *see also Blackledge v. Perry*, 417 U.S. 21, 29-30 (1974) ("[W]hen a criminal defendant enters a guilty plea, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). (ECF No. 69 at 7). Based upon this authority, by entering his knowing and voluntary guilty plea, Defendant waived the ability to further challenge the denial of his motion to suppress or in any way assert a Fourth Amendment violation resulting from the interaction with police that led to the discovery of the drugs giving rise to his conviction.

To the extent that Defendant has suggested that entry into a conditional plea would have been more appropriate in order to allow him to appeal the denial of the suppression

motion, the undersigned notes that "conditional pleas tend to be disfavored by courts," *see Santobello v. New York*, 404 U.S. 257 (1971), and are subject to strict requirements, which are set forth in Rule 11(a)(2) of the Federal Rules of Criminal Procedure. The requirements include: (1) consent from the court; (2) consent from the government; (3) a writing that memorializes the conditional guilty plea; and (4) a specific written preservation of the defendant's right to appeal the adverse pretrial determination. *See, e.g., Gould v. United States,* 657 F. Supp.2d 321 (D. Mass. 2009). Significantly, the court and the government have "absolute discretion to refuse to accept a conditional guilty plea." *Id.*; *see also United States v. Davis*, 900 F.2d 1524 (10th Cir. 1990); *United States v. Yasak*, 884 F.2d 996, 999 (7th Cir. 1999) (the government may "refuse to assent to a conditional plea for any reason or no reason.")

The Fourth Circuit addressed the propriety of conditional pleas in *United States v. Bundy*, *supra*, 392 F.3d at 645. Specifically, the Court held as follows:

> Rule 11(a)(2) imposes certain requirements for conditional guilty pleas. The first requirement is that the plea must be offered in writing and must specify the adverse pretrial rulings that the defendant seeks to appeal. This requirement "will ensure careful attention to any conditional plea" and will make plain to the parties and the court "that a particular plea was in fact conditional" as well as "precisely what pretrial issues have been preserved for appellate review." Fed. R. Crim. P. 11 advisory committee note. Although some courts have concluded that this writing requirement is not necessarily mandatory, even these courts declined to recognize a conditional plea unless the intent of the parties to enter a conditional plea and to preserve specific issues for appeal is otherwise clear from the record. [Citations omitted] . . . . There is no doubt that the second and third requirements under the rule – government consent and court approval – are mandatory and cannot be avoided . . . . All three requirements limit the use of conditional pleas. Conditional pleas are the exception, not the rule.

*Id.*

In the instant case, there is nothing to suggest that either the district court or the Government would have consented to a conditional plea. Therefore, to the extent that

Defendant may now be asserting that Mr. Milner was ineffective in failing to ensure that Defendant's guilty plea was conditional in order to permit him to appeal the suppression issue, Defendant has not demonstrated either than Mr. Milner's conduct fell below an objective standard of reasonableness or the requisite prejudice therefrom in order establish a Sixth Amendment violation.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that he is entitled to collateral relief on the claims raised in Grounds Two or Three of his section 2255 motion.

**C. Counsel's failure to properly investigate prior to filing and arguing the motion to suppress.**

In Ground Four of his section 2255 motion, Defendant asserts that Mr. Milner was ineffective for failing to request the training and alert records of the K-9 used in the search of his backpack. Defendant further asserts that such investigation would have shown an inaccurate drug sniff at the time of this search and that the testimony of the officer at the suppression hearing stating that the dog alerted was false. Defendant further contends that Mr. Milner's failure to properly investigate and argue the motion to suppress led to the denial of the motion. (ECF No. 56 at 9).

The Government's response does not specifically address this issue; however, in light of the Government's assertion that Defendant's guilty plea waives all nonjurisdictional pre-trial deficiencies, it is apparent that the Government is arguing that this claim was waived by Defendant's guilty plea. The undersigned agrees.

Having determined that Defendant knowingly and intelligently entered into his plea agreement and his guilty plea, and further finding that any issues concerning the investigation and argument of his pre-trial motion to suppress would be nonjurisdictional

pre-trial deficiencies, the undersigned proposes that the presiding District Judge **FIND** that Defendant waived the ability to assert the claim raised in Ground Four when he pled guilty. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not established that he is entitled to any collateral relief concerning his claim in Ground Four of his section 2255 motion.

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 56) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

February 2, 2018

Dwane L. Tinsley
United States Magistrate Judge